101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Vincent ZAPPOLA, Defendant-Appellant.
 No. 95-1374.
 United States Court of Appeals, Second Circuit.
 June 4, 1996.
 
 Appearing for Appellant: Martin Geduldig, Hicksville, N.Y.
 Appearing for Appellee: Susan Corkery, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 Before KEARSE, WINTER, and CALABRESI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the amended judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Vincent Zappola appeals from an amended judgment entered in the United States District Court for the Eastern District of New York after a jury trial before I. Leo Glasser, Judge, convicting him of various racketeering offenses, in violation of 18 U.S.C. §§ 1962(c), 1962(d), and 1963; substantive and conspiracy offenses relating to the interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2312, 2314, and 371; theft of part of an interstate shipment of goods, in violation of 18 U.S.C. § 659; and bank robbery, in violation of 18 U.S.C. § 2113(a). Zappola was sentenced principally to 52 months' imprisonment for the offenses other than bank robbery, to be followed by seven years' imprisonment on the bank robbery count. On appeal, he contends primarily that he is entitled to reversal or a new trial on the grounds that the prosecution (a) presented trial testimony that a government investigator knew to be perjurious, and (b) failed to inform Zappola that the government's principal witness had been arrested three months before trial. He also argues that his sentence should have run concurrently with a prior sentence. Finding no merit in any of his contentions, we affirm.
 
 
 4
 A motion for a new trial may be granted only "in the most extraordinary circumstances." United States v. Gordils, 982 F.2d 64, 72 (2d Cir.1992) (citations and emphasis omitted), cert. denied, 507 U.S. 1054 (1993). Newly discovered evidence generally will not warrant a new trial unless, inter alia, the evidence is "so material and non-cumulative that its admission would probably lead to an acquittal." United States v. Siddiqi, 959 F.2d 1167, 1173 (2d Cir.1992) (internal quotation marks omitted); see, e.g., United States v. Gordils, 982 F.2d at 68, 72. If the government has failed to disclose evidence favorable to the defense, a reversal is warranted only if the evidence was "material in the sense that its suppression undermines confidence in the outcome of the trial," United States v. Bagley, 473 U.S. 667, 678 (1985), giving rise to "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," id. at 682 (opinion of Blackmun, J.); see id. at 685 (opinion of White, J.); Kyles v. Whitley, 115 S.Ct. 1555, 1565, 1567 (1995). Similarly, if the government has knowingly presented perjured testimony, a new trial is not required if there is no "reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Wallach, 935 F.2d 445, 456 (2d Cir.1991) (internal quotation marks omitted); see also id. (if government was unaware of the perjury, the test is whether "the court [is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted" (internal quotation marks omitted; alteration in original)).
 
 
 5
 In the present case, the government concedes that its witness Dorothy Lazar perjured herself at trial in identifying two of Zappola's codefendants as the men who had attempted to kill the government informant Costa. Further, Detective Gundlach, testifying at a pretrial hearing, though not at trial, committed perjury with respect to the pretrial identification procedures he had employed with Lazar. Partly as a result of the perjury, the government, though maintaining that it had been unaware of the perjury, moved to vacate the convictions of, and dismiss the indictments against, the two codefendants. We see in these events, however, no basis for vacating the conviction of Zappola. Lazar identified only the codefendants as the attempted killers; she did not mention Zappola; and Zappola was not named in the count charging his codefendants with attempted murder. In short, the perjury related only to offenses with which Zappola was not charged, and the witness who perjured herself did not give any testimony with respect to Zappola. We see no reasonable possibility that Lazar's testimony could have affected the judgment of the jury with respect to the counts against Zappola.
 
 
 6
 Nor is there merit in Zappola's contention that he was entitled to a new trial because he was not informed that Costa had been arrested shortly before trial on charges of possession of burglary tools and driving without a license. The district court noted, inter alia, that that arrest had no relevance to Zappola's activities and that since Costa had been subjected to searching cross-examination, the fact of that arrest would have been cumulative. The court concluded that there was no reasonable possibility that Zappola would not have been convicted if the arrest had been disclosed. We agree substantially for the reasons stated in Judge Glasser's Memorandum and Order dated February 28, 1995.
 
 
 7
 Zappola also contends that he is entitled to have his present sentence run concurrently with a sentence served on a prior conviction. This contention is meritless. At the initial sentencing, the district court indicated its intention that Zappola's sentence be served concurrently with a prior sentence, on which the court was advised that Zappola had some 21 months left to serve; at resentencing following remand from this Court, the district court clarified what was implicit in its original pronouncement of sentence, i.e., that it intended the present sentence to be served concurrently with the prior sentence only to the extent that the prior sentence remained to be served. Since in fact Zappola's prior sentence had expired entirely before sentence was imposed on the present charges, there was no prior sentence with which the present sentence could be concurrent, and the court's clarification was proper.
 
 
 8
 We have considered all of Zappola's contentions on this appeal and have found them to be without merit. The amended judgment of conviction is affirmed.